IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Michelle Landis,　　　　　　　　　　:

　　　　　　Plaintiff　　　　　　　　:　　Civil Action 2:08-cv-00723

v.　　　　　　　　　　　　　　　　　:　　Judge Sargus

United States of America,　　　　　　:　　Magistrate Judge Abel

　　　　　　Defendant　　　　　　　　:

# ORDER

Plaintiff Michelle Landis brings this action under the Federal Tort Claims Act alleging that Dr. John Ucci, who is an employee of Family Healthcare, Inc. (a federally supported health center), committed medical malpractice by failing to obtain a CT scan of her cervical spine so that undiagnosed cervical fractures could be promptly surgically repaired. This matter is before the Court on defendant's February 26, 2009 motion to dismiss for failure to state a claim based on plaintiff's failure to attach to the amended complaint an affidavit of merit as required by Ohio Civ. P. Rule 10(D)(2)(a). (Doc. 13.)

The complaint makes the following allegations. On July 12, 2006, plaintiff Michelle Landis fell down a flight of stairs and sought treatment at the Adena Medical Center Emergency Room for pain in her neck, back and legs. During the succeeding days and weeks, Landis sought treatment two more times at the Adena Medical Center Emergency Room, then visited her treating physician, John Ucci, M.D., who is an employee of Family Healthcare, Inc. An August 15, 2006 CT scan showed multiple multilevel fractures of the cervical spine. She was transferred to Riverside Methodist Hospital; and on August 17

she had a cervical laminectomy and fusion of C5-C6, an arthrodesis posteriorly at C4 through C7, and a Vertex lateral mass instrumentation on C4 through C7. The complaint alleges that Dr. Ucci and/or other employees of Family Heathcare committed malpractice by failing to timely diagnose Landis's cervical fractures and nerve impingement, failing to timely order a CT scan, and failing to obtain proper consultations. Landis has permanent limitation of motion in the fingers of the affected hand.

Rule 10(D)(2)(a) of the Ohio Rules of Civil Procedure requires the filing of an affidavit of merit in any case in which a claim of medical malpractice is made. Allegations of medical malpractice in Ohio generally require expert testimony to succeed. The affidavit Required by Rule 10(D)(2)(a) must contain:

> (i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;
> (ii) A statement that the affiant is familiar with the applicable standard of care;
> (iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.

No such affidavit was attached to the complaint or to the amended complaint filed in federal court.

Ohio's Civil Rule 10(D)(2) was enacted to insure that plaintiff's counsel performed pre-suit due diligence before filing a medical malpractice claim. Plaintiff has now provided the Court with an affidavit executed by Dr. Samuel J. Kiehl, III, M.D. on May 25, 2007. The affidavit meets all the requirements of Rule 10(D)(2)(a). It was filed in a companion Ohio Common Pleas Court action against the Adena Medical Center

2

defendants, but was inadvertently not attached to the federal complaint and amended complaint.

Since the affidavit was obtained by plaintiff's counsel in May 2007 and it complies with the requirements of Rule 10(D)(2)(a), defendant has not been prejudiced by plaintiff's failure to attach it to the complaint. Plaintiff request for leave to amend her complaint to add the Affidavit of Merit is GRANTED.

For the reasons stated above, defendant's February 26, 2009 motion to dismiss (doc. 13) is DENIED.

3-27-2009
Edmund A. Sargus, Jr.
United States District Judge